**UNDERWOOD, Plaintiff-Appellee, v. UNDERWOOD, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4222.  Decided February 1, 1949.

Frank H. Ward, Columbus, for plaintiff-appellee.
Mary E. Prentice, Columbus, for defendant-appellant.

**OPINION**

By HORNBECK, J.

The appeal, as we understand it. is based upon the claim that the Court erred in failing to grant a divorce to either the plaintiff or the defendant and in failing to make a determination of the property rights of the parties.

A court may not by judicial decree divide and apportion the property of parties to a divorce action unless it first be determined that some one of the grounds for divorce or alimony has been proven.

Defendant-appellant may assign as error the refusal of the trial judge to grant a decree of divorce to him, but he may not properly assign as error the refusal to grant a decree to the other party.

This case presents the usual conflict in testimony which is found where parties join issue and go to trial. A reading of this record is convincing that although the plaintiff may not have sustained her claim of gross neglect of duty against the defendant, she clearly established her charge of extreme cruelty. As a matter of fact, the record discloses that the Court issued a restraining order against the defendant molesting, annoying or assaulting the plaintiff, and he was cited for contempt for a violation of this order. The defendant admits that he beat the plaintiff and no legal justification of the assault appears.

There is substantial doubt upon the record that defendant's testimony, if accepted at full value, would support a charge of gross neglect of duty against the plaintiff, and it is even more doubtful if there is any corroboration whatever of such charge.

The judgment entry in this case is very brief, denying a divorce to both parties. There are no special findings of law and fact as provided by the statute. Defendant takes certain portions of the trial judge's oral opinion at the conclusion of the trial and attempts to predicate error upon some of them. They are not such legal pronouncements as will support an assignment of error even though they may contain unsound propositions of law or illogical conclusions of fact. However, the conclusion of the trial judge is a succinct and appropriate analysis of the whole matter.

The trial judge has very wide discretion in a divorce proceeding. It does not follow that because each party makes proof of facts which would constitute grounds for a divorce, that upon the whole record the Court is required to grant a decree to one or the other. Resolving this record as the trial judge had a right to do, he did not abuse his discretion in refusing a decree to both parties.

The judgment will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.